IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WEIDENHAMMER NEW PACKAGING, LLC, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 4:20-00278-CV-RK |
| v. | ) ) |
| ANTHANASIOS SAKETOS, CARLTON ICE CREAM & FROZEN DESSERTS LLC, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff, Weidenhammer New Packaging, LLC ("Plaintiff")'s motion for prejudgment delivery in replevin of a CSM-6 FoldDrum forming machine. (Doc. 4.) After careful consideration, the motion is **GRANTED**.

In this action, Plaintiff seeks, among other things, an order of delivery in replevin of the CSM-6 FoldDrum forming machine, no. 2017-22, asset number 0115 (the "Machine").[1] Plaintiff alleges that they leased the Machine to Defendants pursuant to several contracts. Plaintiff further alleges Defendants breached those contracts, are continuing to use the Machine without paying rent, and have moved the Machine to an undisclosed location.

Federal Rule of Civil Procedure 64 authorizes that state remedies for prejudgment seizures of property, specifically including replevin, are available in federal court. In Missouri, actions in replevin to recover physical possession of personal property are set forth in Missouri Rule 99. A plaintiff seeking prejudgment seizure of personal property must provide (1) an affidavit showing, inter alia, that the plaintiff is entitled to possession of the property and that the party is in danger of losing the property (R. 99.03); (2) a delivery bond, in an amount twice the value of the property to be seized (R. 99.06). The affidavit required by Rule 99.03 can be a statement verifying the truth of allegations contained in the Plaintiff's pleadings, with the referenced documents underlying the

---

[1] The Machine is used to make ice cream containers.

relevant transactions. (*See Union State Bank of Clinton v. Dolan*, 718 S.W.2d 522, 524-25 (Mo. App. 1986)).

The Court here finds Plaintiff has satisfied its burden. The affidavit provided by Plaintiff, (Doc. 4-1), verifies the allegations of Plaintiff's Complaint. (Doc. 1.)[2] Plaintiff's Complaint sets forth the relevant contracts in this case. Those contracts provided that the value of the Machine was $75,000 and Plaintiff could enter Defendants' premises and take possession of the Machine upon default of Defendants if default continued for a period of ten days; in the event of breach or insolvency; or if the Machine was at risk of being seized, attached, distrained, or otherwise taken. The Complaint and affidavit further allege that Defendants are in default, breached the contracts, and are keeping the Machine in an unauthorized and undisclosed location, and have denied Plaintiff the opportunity to inspect the Machine. *See John Deere Co. v. Major*, 620 F. Supp. 81, 82 (W.D. Mo. 1985) (Noting there was no risk of property being concealed, removed, or otherwise lost in denying a motion for prejudgment delivery); *States Res. Corp. v. Raburn Evans Glass Serv., Inc.*, No. 1:11CV00161 LMB, 2011 WL 4014344, at *2 (E.D. Mo. Sept. 9, 2011) ("Plaintiff has failed to allege facts showing that the collateral is in jeopardy pending litigation to justify the "drastic remedy of prejudgment seizure."). Unlike *Major* and *States Res. Corp.*, here, Plaintiff has demonstrated their property is in jeopardy pending litigation because Defendants are allegedly concealing the Machine in an undisclosed location and have refused Plaintiff the right to inspect it. This creates significant risk the Machine may be damaged or further concealed by Defendants.

---

[2] While Plaintiff has filed an amended Complaint, (Doc. 9.), the substantive allegations remain the same or substantially similar as those in Document 1.

Accordingly, it is therefore **ORDERED:**

1. Plaintiff shall deliver a bond of $150,000. (R. 99.06.)
2. Plaintiff shall provide written notice, served on Defendants, advising them of the right to file a delivery bond and the right to request a hearing to determine the Plaintiff's right to possession of the Machine. (R. 99.05.)
3. Defendants may file a written request for a hearing to determine Plaintiff's right to possession of the property pending trial on the merits (R 99.09) or file a delivery bond in the amount of $150,000 (R. 99.07; R. 99.08). Defendants will have ten (10) days to file a request for hearing or to file a delivery bond. If Defendants request a hearing, a hearing will be held within ten (10) days of the request.
4. Following the delivery of bond by Plaintiff, and assuming Defendants have not filed a request for hearing or redelivery bond, the United States Marshall's Service will be subsequently ordered to seize the Machine, and deliver it to Plaintiff.

**IT IS SO ORDERED**.

                                              s/ Roseann A. Ketchmark
                                        ROSEANN A. KETCHMARK, JUDGE
                                        UNITED STATES DISTRICT COURT

DATED: June 8, 2020